UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MARGARET F. CURTIN,

        Plaintiff,

v.

CREEK BEND APARTMENTS, *et al.*,

        Defendants.

**DECISION AND ORDER**

1:19-CV-00811 EAW

## **INTRODUCTION**

*Pro se* plaintiff Margaret F. Curtin ("Plaintiff") filed this action on June 19, 2019, purportedly alleging civil rights violations. (Dkt. 1). Plaintiff filed an Amended Complaint on July 12, 2019, which is the operative pleading. (Dkt. 3)[1]. Plaintiff has also submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and an affirmation of poverty in support of this request. (Dkt. 2).

The Court has reviewed Plaintiff's motion for *in forma pauperis* status and it is granted. The Court has also reviewed the Amended Complaint as required by 28 U.S.C. § 1915(e)(2) and finds that Plaintiff's claims must be dismissed without prejudice for lack of jurisdiction. All other outstanding motions in this case are accordingly denied as moot.

---

[1] Plaintiff also filed a purported second amended complaint on July 17, 2019. (Dkt. 6). Having already amended her pleading once as of right, Plaintiff is unable to file a second amended complaint without leave of court. *See* Fed. R. Civ. P. 15. Moreover, Plaintiff's purported second amended complaint suffers from the same issues as her Amended Complaint and so, to the extent her filing can be construed as a request for leave to file a second amended complaint, that request is denied.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint. (Dkt. 3). As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

On December 20, 2014, Plaintiff entered into an agreement to rent an apartment at Creek Bend Heights Apartment located at 25 Buffalo Street in Hamburg, New York. (Dkt. 3 at 7). The rent was $615.00 per month, which Plaintiff timely paid at all relevant times. (*Id.*).

In the second year of her rental agreement, Plaintiff made several complaints to Gayle Kenney, the apartment manager, but Ms. Kenney refused to listen to Plaintiff's complaints or remedy any of the problems. (*Id.*). In the summer of 2018, Plaintiff received "72 hour notice of evictions without any prior notice and appropriate information on them." (*Id.*). An eviction hearing was held in Hamburg Town Court on September 5, 2018, and Plaintiff "did not appear because [she] did not have appropriate notice." (*Id.*). On September 27, 2018, Plaintiff was evicted from her apartment. (*Id.*).

Plaintiff commenced a proceeding in Hamburg Town Court challenging her eviction, which was denied. (*Id.*). She is "appealing the Hamburg Town Court Order." (*Id.*).

Plaintiff raises a number of complaints regarding the procedures in Hamburg Town Court. She claims in particular that she was denied due process, that the village attorney had a conflict of interest, that Ms. Kenney "misrepresented herself at [the] hearing," and that she was wrongfully evicted. (*Id.* at 7-8). Based on these claims, Plaintiff asks the

Court to order that "the eviction and lockout . . . be dismissed" and that she be "returned to [her] apartment." (*Id.* at 8).

## DISCUSSION

### I. Plaintiff's Motion for In Forma Pauperis Status is Granted

Plaintiff's affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff has met the statutory requirements for *in forma pauperis* status and permission to proceed *in forma pauperis* is granted. The Court now turns to its obligation to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

### II. Screening Order

#### A. Standard of Review

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, No. 6:17-CV-06121(MAT), 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g., Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

B. *Rooker-Feldman* Doctrine

Plaintiff asks this Court to review the validity of the eviction proceedings in Hamburg Town Court. The long-standing *Rooker-Feldman* doctrine "provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." *Morrison v. City of N.Y.*, 591 F.3d 109, 112 (2d Cir. 2010) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–16 (1923)). There are four requirements for the application of the *Rooker–Feldman* doctrine: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; (4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

In this case, all the requirements of the *Rooker-Feldman* doctrine are met. First, Plaintiff lost her eviction proceedings in Hamburg Town Court. She complains of injuries caused by the outcome of the Hamburg Town Court proceeding. She asks the Court to review and reject the outcome of the Hamburg Town Court proceeding. Finally, the Hamburg Town Court rendered its decision before this action was commenced. "[C]ourts consistently apply the *Rooker-Feldman* doctrine when dismissing matters arising from summary process or eviction proceedings in a state court." *Ratcliffe v. Liberty Home Equity*, No. 3:19-CV-01842 (KAD), 2019 WL 6135446, at *2 (D. Conn. Nov. 19, 2019) (collecting cases). The Court sees no reason to depart from this precedent here.

Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims and that they must be dismissed without prejudice. *See Charles v. Levitt*, 716 F. App'x 18, 22 (2d Cir. 2017) ("[T]he *Rooker-Feldman* doctrine implicates federal courts' subject matter jurisdiction, rather than the substantive merits of a case. And where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." (citation and quotation omitted)). Moreover, because more fulsome pleading could not cure this defect, the Court does not grant leave to amend.

### C. <u>Outstanding Motions</u>

There are a number of motions outstanding in this case. Plaintiff has filed the following: (1) a motion to expedite the case (Dkt. 5); (2) a motion to opt out of the Court's alternative dispute resolution program (Dkt. 10); and (3) a second motion to expedite (Dkt. 13). In addition, Plaintiff apparently prematurely served certain defendants notwithstanding the pendency of her motion to proceed *in forma pauperis*, and defendants Andrew Fleming, Mary Beth Healy, and the Village of Hamburg filed a motion to dismiss for failure to state a claim. (Dkt. 4). In light of the Court's determination that it lacks subject matter jurisdiction over Plaintiff's claim, all these outstanding motions are denied as moot.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is granted. Plaintiff's Amended Complaint has been screened in accordance with 28 U.S.C. § 1915(e)(2) and the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's claims are dismissed without prejudice. All remaining

outstanding motions (Dkt. 4; Dkt 5; Dkt. 10; Dkt. 13) are denied as moot. The Clerk of Court is instructed to enter judgment and close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and, therefore leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 25, 2019
Rochester, New York